"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FRANCES DAVIS, ) | Case No. EDCV 05-1097-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Frances Davis seeks judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq*. For the reasons set forth below, the ALJ's decision shall be affirmed.

**I.   Background**

Plaintiff was born on October 1, 1950. (Administrative Record ("AR") at 83). She is a high school graduate, with no additional formal

educational or vocational training, and no relevant work history. (AR at 13, 30, 54-55).

Plaintiff filed her application for SSI on October 18, 1999, alleging that she has been disabled since January 1, 1993, as a result of frequent seizures, hepatitis C, lower back pain, arthritis, and depression.[1] (AR at 101, 129). Her application was denied initially and upon reconsideration. (AR at 66-69, 72-75).

Plaintiff timely filed a request for a *de novo* hearing, which was held on May 29, 2001, before Administrative Law Judge ("ALJ") David M. Ganly. Plaintiff, represented by counsel, testified at the hearing. (AR at 30-51). Plaintiff's friend and volunteer caretaker James Butts also testified (AR at 51-54), as did Vocational Expert ("VE") Corinne Porter. (AR at 34-38, 54-58).

On July 2, 2001, ALJ Ganly denied Plaintiff's application for benefits. (AR at 9). The ALJ determined that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability. (AR at 17). The ALJ found that the Plaintiff's "seizure disorder" was a severe impairment within the meaning of the Social Security Act. (Id.). However, the ALJ concluded that Plaintiff's impairments did not meet, or was not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.). The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to sit, stand, and walk for 6 hours each in an 8-hour work day, and to lift and carry up to 25 pounds frequently and 50 pounds occasionally. The ALJ further found that Plaintiff must not climb,

---

[1] Plaintiff had previously filed an application for SSI on May 11, 1998, which was denied at the initial level of review on October 8, 1998. Plaintiff did not appeal this decision. (AR at 62, 247).

balance, or work around unprotected heights or moving machinery, operate a motor vehicle, or perform any job where she would be responsible for the safety of others. (Id.). Based on her RFC for medium work, her age, education, and work experience, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff is capable of performing, including janitor, production packer, and linen room attendant. (AR at 18).

On June 14, 2002, the Appeals Council denied review (AR at 4-5) and Plaintiff timely commenced an action for judicial review in this court. *Davis v. Barnhart*, Case No. EDCV 02-00789-MLG.  On May 9, 2003, this Court entered an Order of Remand, pursuant to the stipulation of the parties, requiring the ALJ to:

> evaluate Plaintiff's subjective complaints in accordance with *Burnell v. Sullivan*, 947 F.2d 342, 345 (9th Cir. 1991) (en banc)); *Regennitter v. Commissioner of SSA*, 166 F.3d 1294, 1296-97 (9th Cir. 1999); and SSR 96-7p.  In evaluating plaintiff's subjective complaints, [ ] consider such factors as plaintiff's daily activities, effects of medications, and frequency of seizures...[A]ddress the report of Reynaldo Abejuela, M.D. and provide legally sufficient rationale for the weight or lack of weight given to that report...[U]pdate the record, undertake any additional development the ALJ deems appropriate, and issue a new decision.

AR at 312-3).

New administrative hearings were held on March 2, April 14, and April 15, 2004, before ALJ Ganly.  Plaintiff was present, represented by current counsel, and again testified.  (AR at 434, 459, 465).  Dr. Lowell Sparks, a medical expert, and Sandra Fioretti, a VE, also

testified. (Id.). An unfavorable decision was again issued by ALJ Ganly on September 22, 2005. (AR at 245). This action followed.

On August 4, 2006, the parties filed a Joint Stipulation of disputed issues. Plaintiff contends that the ALJ erred by failing to update the record with respect to Plaintiff's alleged mental illness; failing to properly evaluate the opinion of consultative psychiatrist Reynaldo Abejuela, M.D.; failing to properly consider the opinion of disability by the treating physician; and failing to consider the effects of Plaintiff's medications on her ability to work. (Joint Stipulation at 3). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for a new administrative hearing before a different ALJ. (Joint Stipulation at 14). In addition, Plaintiff seeks an award of costs and reasonable attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Joint Stipulation at 14-15). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 15). The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision denying benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more

than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

### III.  Discussion

### A.    Failure to Develop the Record

Plaintiff contends that the ALJ failed to comply with the Court's order to develop and update the record with respect to Plaintiff's alleged mental illness. For the reasons stated by the Commissioner at pages 6-8 of the Joint Stipulation, the Court rejects Plaintiff's contention.

The Court agrees with the Commissioner that, given the evidence in the record, and because Plaintiff was at all times represented by counsel, there is no reason to believe that the five year's worth of medical records contained in the record, which are almost wholly silent as to complaints of depression or mental illness, are anything other than an accurate depiction of Plaintiff's relevant medical history.[2]

---

[2] Moreover, it was the Plaintiff who failed to submit any current medical documentation for consideration at the April 2004 remand hearings. ALJ Ganly asked Plaintiff's counsel during the hearing why there were no records for 2004. (AR at 485). After Plaintiff's counsel stated that he did not know why there were no records for 2004, and that he was not even sure whether his client had seen a doctor in 2004, it was ALJ Ganly who proceeded to question Plaintiff on her most recent medical history, including what doctors she had seen and for what reason. (AR at 488-90).
  While the ALJ does have a duty to develop the record, counsel for claimant, particularly one like Bill LaTour who regularly practices in

(See Joint Stipulation at 7); *see Ukolov v. Barnhart*, 429 F.3d 1002, 1004 (9th Cir. 2005) (placing burden on claimant to prove disability at all times). In the absence of any significant evidence of a recent history of a severe mental impairment, the ALJ was not under a duty to develop the record.

**B.   Failure to Properly Evaluate the Opinion of Consultative Psychiatrist Reynaldo Abejuela**

Plaintiff contends that the ALJ failed to properly evaluate the opinion of consultative psychiatrist Reynaldo Abejuela. For the reasons stated by the Commissioner at page 10 of the Joint Stipulation, the Court rejects Plaintiff's contention.

In doing so, the Court notes that the ALJ did not, as Plaintiff argues, reject in its entirety Dr. Abejuela's opinion, nor any of the medical documentation supporting Plaintiff's claim that she suffered from depression.[3] Instead, the ALJ found that there was no evidence in the record to support the contention that Plaintiff had ever suffered from a mental impairment for the basic 12 month durational requirement of the Act. (AR at 248). The ALJ's reasoning was "specific", "legitimate", and based on "substantial evidence." *See Regennitter v. Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the

---

this area of law, has a responsibility to the claimant also. Counsel should not be permitted to sandbag the ALJ at the administrative level by not presenting available evidence and then complain about the ALJ's failure to develop the record in seeking reversal on review.

[3] The ALJ specifically acknowledged a handful of 2001 reports which show that Plaintiff suffered from increased anxiety in the months following the tragic events of September 11, 2001. (AR at 250).

6

record"). Thus, the ALJ did not err in according little evidentiary weight to Dr. Abejuela's opinion regarding Plaintiff's mental impairment.

### C. **Failure to Properly Consider the Opinion of Disability by the Treating Physician**

Plaintiff contends that the ALJ improperly disregarded the opinion of a treating physician. Specifically, Plaintiff claims that the ALJ erred by failing to provide specific and legitimate reasons for rejecting, as proof of disability, a single handwritten note by the treating physician which read "paperwork-disability." (See AR at 410). For the reasons stated by the Commissioner on page 12 of the Joint Stipulation, and for the reasons stated below, this claim is without merit.

As a general rule, a treating physician's opinion is entitled to special weight. *See McAllister v. Sullivan*, 880 F.2d 1086, 1089 (9th Cir. 1989). However, the ALJ is not required to discuss all evidence presented, but rather, he must explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-5 (9th Cir. 1984). The physician's notation, "paperwork-disability," was neither significant nor probative. Even assuming, *arguendo*, that such a statement constitutes an opinion of disability, the treatment notes did not include any clinical findings or medical analysis which would substantiate or even explain a finding of disability. Moreover, as noted by the ALJ, no other treating source in the record had ever indicated that Plaintiff was disabled. (AR at 251). Thus, the ALJ did not err in failing to discuss the treating physician's notation.
///

**D.   Failure to Specifically Address the Effects of Plaintiff's Medication**

Plaintiff's final contention is that the ALJ failed to properly comply with the District Court's order to evaluate the side effects of Plaintiff's medication. Plaintiff is correct. Nevertheless, the ALJ's failure to make specific findings of fact with respect to the effect of Dilantin on Plaintiff's ability to work was harmless error. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless") (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991)).

Plaintiff did not claim to be impaired as a result of her medication in her application for benefits or at the 2005 remand hearing. Rather, in support of this argument, Plaintiff relies on a 1988 psychiatric examination where Plaintiff reported auditory hallucinations (AR at 195), and the September 1, 2000 RFC assessment which listed Plaintiff as suffering from impairments in near acuity, far acuity, and depth perception (AR at 230). Otherwise, Plaintiff simply recites the possible side effects of Dilantin listed in The Complete Guide to Prescription and Nonprescription Drugs. (Joint Stipulation at 12).

It is well settled that in assessing disability, "the ALJ must consider *all* factors that might have a 'significant impact on an individual's ability to work.'" *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) (quoting *Varney v. Sec'y of Health and Human Svcs*, 846 F.2d 581, 585 (9th Cir. 1987), *relief modified*, 859 F.2d 1396 (1988)). Such factors "may include side effects of medications as well subjective pain." *Erickson*, 9 F.3d at 818; *Varney*, 846 F.3d at 585 ("side effects can be a 'highly idiosyncratic phenomenon' and a claimant's testimony as

8

to their limiting effects should not be trivialized") (citation omitted).

Here, the ALJ did not have a duty to evaluate a claim that Plaintiff did not raise at the administrative level and that was not apparent from the medical records. Plaintiff failed to offer testimony or submit any objective medical evidence that would support a claim that she was impaired as a result of Dilantin at any time in the past five years. Moreover, the ALJ found that "the medical evidence repeatedly shows that the claimant was not compliant" in taking her Dilantin as prescribed, and that she would go long periods without taking anti-convulsant medication. (AR at 250).

Plaintiff has failed to demonstrate the existence of any objective medical evidence to support the claim that her medication has had a disabling affect on her. Thus, the failure of the ALJ to discuss any possible side effects of Dilantin on Plaintiff's ability to work was harmless error.

**IV.  CONCLUSION**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case dismissed with prejudice.

DATED: September 14, 2006          */S/ Marc L. Goldman*

_____
Marc L. Goldman
United States Magistrate Judge